IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 18, 2003

## STATE OF TENNESSEE v. ROBERT DENNIS HEISINGER

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 35738     John H. Peay, Special Judge**

_____

**No. M2002-01217-CCA-R3-CD - Filed March 16, 2004**

_____

The appellant, Robert Dennis Heisinger, was convicted by a jury of one count of theft of property valued at $10,000 or more but less than $60,000. He was sentenced as a Range II offender to an eight-year sentence in the Tennessee Department of Correction. On appeal, he challenges the length of his sentence and the failure of the trial court to grant him alternative sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., joined and ROBERT W. WEDEMEYER, J., not participating.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Robert Dennis Heisinger.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; John Carney, District Attorney General; and C. Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

In 1994, the appellant was charged with four counts of theft of property. The approximate amount of property involved was $50,000. He was placed on pre-trial diversion, but in August of 1997, pled guilty to two counts in the indictment including one count of theft of property over $1,000, a Class D felony, and one count of theft of property over $10,000, a Class D felony. The appellant received a three-year sentence for the theft of property over $1,000 and a four-year sentence on the theft of property over $10,000, to be served concurrently with the three-year

sentence. In total, the appellant was ordered to pay over $30,000 in restitution. The appellant did not serve his sentence in incarceration; he was released on probation pursuant to an October 31, 1997 order.

In September of 1999, the appellant was indicted on two counts of theft of property valued at $10,000 or more but less than $60,000. As a result of the pending indictment and the failure of the appellant to pay court ordered restitution, a violation of probation report was filed against the appellant on the 1994 charges.

The 1999 charges stemmed from the appellant's activity as a representative of Morningstar Development. In February of 1999, Danny and Terri White contracted with the appellant, acting as a representative of Morningstar Development, for the construction of a log home from a "log home kit" in Clarksville, Tennessee. The Whites paid the appellant an initial installment of $22,500 toward a final price of $73,432, for the log home. The contract provided that the home would be completed within 120 days.

The appellant did not credit the $22,500 in Morningstar's books as payment toward the price of constructing the home. Further, the appellant did not inform Morningstar's bookkeeper of the signed contract with the Whites until almost three years after it was signed. The log home kit was not delivered to the home site until October of 1999, approximately eight months after the contract was entered into, but construction on the home never began. The appellant did not offer any explanation or offer to return the initial installment of $22,500 to the Whites.

The appellant was indicted in September of 1999 by a Montgomery County Grand Jury on two counts of theft of property valued at $10,000 or more but less than $60,000. Following a jury trial, the appellant was convicted on one count of theft. The trial court held a sentencing hearing, during which it heard testimony from various witnesses. As a result, the trial court ordered the appellant to serve an eight-year sentence in the Tennessee Department of Correction as a Range II offender, consecutive to the four-year effective sentence on the 1994 charges. The trial court also violated the appellant's probation, ordered the appellant to pay restitution in the amount of $22,500 and imposed a $1,000 fine. The appellant appeals, challenging the length of the sentence and the failure of the trial court to award an alternative sentence.

Sentencing

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing

principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

In balancing these concerns, a trial court should start at the presumptive sentence, enhance the sentence within the range for existing enhancement factors, and then reduce the sentence within the range for existing mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. Id.

Turning more specifically to the facts of this case, the appellant was convicted of theft of property over $10,000 but less than $60,000. Because this is a Class C felony, and the appellant is a Range II Offender, the range of punishment is six to ten years at 35%. See Tenn. Code Ann. § 40-35-112. Furthermore, the presumptive sentence would be the minimum sentence in that range if there are no enhancing and mitigating factors present. Tenn. Code Ann. § 40-35-210(c).

In imposing the appellant's sentence, the trial court found the existence of several statutory enhancement factors, including: (1) the appellant's prior history of criminal conduct, Tenn. Code Ann. § 40-35-114(2); (2) the existence of multiple victims, Tenn. Code Ann. § 40-35-114(4); (3) the appellant's previous unwillingness to comply with the conditions of a non-incarcerative sentence, Tenn. Code Ann. § 40-35-114(9); and (4) the appellant's commission of the present offense while on probation, Tenn. Code Ann. § 40-35-114(14).

On appeal, the appellant argues that the sentence given was "excessive under the facts and circumstances of this case." Specifically, the appellant challenges the trial court's application of the enhancement factors and failure of the trial court to apply any mitigating factors. Further, the appellant argues that the trial court erred by failing to grant an alternative sentence. The State counters that the evidence does not preponderate against the trial court's determination of the appellant's sentence.

Prior to imposing the sentence, the trial court stated:

I've considered the purposes and the sentencing considerations set out in the statute concerning criminal histories and rehabilitation. The sentence . . . deserved under the fact of the case and the sentence circumstances. I've also considered sentencing considerations, whether or not confinement is necessary, the seriousness of the offense, whether less restrictive measures have been tried in the past and failed or were unsuccessful. I've considered the evidence I heard at trial, the evidence here today, and I've read the pre-sentence report, which was made an exhibit. And, of course, the arguments of Counsel. The nature and circumstances of the conduct, Of

course, these people - - this one named victim lost over - - near $20,000 and it is obviously a serious offense.

The trial court started with the minimum sentence of six years and enhanced the sentence based on the appellant's prior history of criminal conduct, namely the two guilty pleas from the 1994 charges. See Tenn. Code Ann. § 40-35-114(2). The trial court noted that it gave little weight to this factor, but that the record supported its application. The trial court next enhanced the appellant's sentence because there were multiple victims. See Tenn. Code Ann. § 40-35-114(4). Although the appellant was only convicted on one count of the indictment, theft of property valued at more than $10,000 but less than $60,000 from Terri White, the trial court found that the testimony and evidence demonstrated that the contract for the construction of the home was with Danny and Terri White and that the money stolen was the common property of both Danny and Terri White. Thirdly, the trial court found that the appellant had previously demonstrated an unwillingness to comply with the conditions of a non-incarcerative sentence because the record showed that the appellant was revoked from pre-trial diversion for failing to adhere to the rules and regulations of his memorandum of understanding. See Tenn. Code Ann. § 40-35-114(9). Finally, the trial court found that the appellant committed the present offenses while on probation. See Tenn. Code Ann. § 40-35-114(14). Based on the application of these four enhancement factors, the trial court enhanced the sentence from six years to eight years.

Turning to the mitigating factors, the appellant admits that he did not file a notice of mitigating factors prior to sentencing, but argues that the trial court should have applied the following mitigating factors to reduce his sentence: (1) the crime involved no threat of bodily harm, Tenn. Code Ann. § 40-35-113(1); (2) the appellant acted under strong provocation, Tenn. Code Ann. § 40-35-113(2); (3) substantial grounds exist tending to excuse or justify the appellant's criminal conduct, though failing to establish a defense, Tenn. Code Ann. § 40-35-113(3); (4) the appellant was motivated by a desire to provide necessities for his family or himself, Tenn. Code Ann. § 40-35-113(7); and (5) the appellant's age, familial relationships and friendships, Tenn. Code Ann. § 40-35-113(13). He argues that this Court should reduce his sentence from eight years to six years due to the trial court's failure to apply these mitigating factors. Specifically, he argues, referring to mitigating factors (2), (3), and (7), that his sentence merited reduction because of his "extreme financial troubles" and that "strong provocation" motivated him to commit the offense. In support of that claim, the appellant cites to testimony at trial wherein it was shown that a company partially owned by the appellant had a low balance in its bank account. Further, the appellant argues that his 27-year marriage, strong family ties, and good work ethic should mitigate his sentence under the catch-all factor. See Tenn. Code Ann. § 40-35-113(13).

We disagree. The evidence at trial showed no motive for the commission of the present offenses other than personal benefit. The nature and duration of the offense, entering into a long-term contract with home buyers, does not suggest "strong provocation" to commit a crime. There was no evidence that the appellant's family was in dire straits. Further, the appellant's past criminal record demonstrated that his marriage and family ties had not deterred him from criminal activity in the years leading up to the conviction.

While the trial court did not specifically address any of the mitigating factors raised by the appellant on appeal, the court noted its responsibility to lower a sentence based upon the application of any mitigating factors which existed. Consequently, it appears that the trial court considered mitigating factors, but chose to give them little, if any, weight. Again, the weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. Santiago, 914 S.W.2d at 125.

After reviewing the application of the preceding enhancement and mitigating factors, we conclude that the evidence does not preponderate against the trial court's decision to impose an eight-year sentence on the appellant's theft of property conviction. Accordingly, we affirm the sentence imposed by the trial court.

Alternative Sentencing

A defendant "who is an especially *mitigated offender* or *standard offender* convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." (Emphasis supplied) Tenn. Code Ann. § 40-35-102(6). Although the State in its brief concedes that the appellant is presumptively entitled to alternative sentencing because he has been convicted of a Class C felony, the State apparently overlooks the fact that the appellant's status as a Range II offender deprives him of that presumption.

Although not entitled to the presumption in favor of alternative sentencing, the appellant is nevertheless eligible for such. In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "The potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Id. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. See State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); see also State v.Bunch, 646 S.W.2d 158, 160-61 (Tenn. 1983); State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); State v. Williamson, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); Dowdy, 894 S.W.2d at 305-06.

In the case herein, the appellant claims that the trial court erred in denying him any form of alternative sentence because the trial court "did not specifically cite Tenn. Code Ann. Sec. 40-36-101 et seq. to explain why . . . [the appellant] could not be placed on Community Corrections." The State argues that "a review of the record and applicable authority . . . demonstrates that the evidence does not preponderate against the trial court's determination."

The trial court, in making its sentencing determination, stated that it considered "whether or not confinement is necessary" as well as "whether less restrictive measures have been tried in the past and failed or were unsuccessful." The trial court also found that

[t]he Defendant does have a history of unwillingness to comply with the conditions of a sentence with release in the community. And this felony was committed while he was on probation for the two prior convictions on which he had - - was on probation for the prior convictions. He, of course, had been released previous to that on pretrial diversion, and that was terminated.

. . . .

Now, if I could [wave] a wand for probation I'd be happy to do it. But I don't think that's - - I really don't think that's a possibility in this case. And I've considered the sentencing principles for release in the community. And I think in this particular case its been tried; it did not work. I think the other people that might be in the same situation as these victims might fall victim to this Defendant in the future. So, I don't believe that I can in good [conscience] grant him any type of release in the community. I just think that's - - it's too late for that.

The record does not preponderate against the trial court's findings. Further, the appellant has failed to carry the burden of demonstrating his suitability for probation. It was uncontested that he committed the present offense while on probation for two similar, if not identical offenses involving different victims. The trial court properly denied alternative sentencing when it was shown that the appellant failed at rehabilitation with less restrictive methods and when confinement was shown to be necessary to avoid depreciating the seriousness of the offense. See Tenn. Code Ann. § 40-35-103(1). Accordingly, we affirm the trial court's denial of an alternative sentence.

Conclusion

After a thorough review of the record, we conclude that there was no reversible error, and, therefore affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

-6-