IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2004

## STATE OF TENNESSEE v. BRUCE FRANKS, JR.

**Appeal from the Circuit Court for Hardin County**
**No. 8192      C. Creed McGinley, Judge**

_____

**No. W2003-01673-CCA-R3-CD  - Filed August 27, 2004**

_____

The defendant, Bruce Franks, Jr., pleaded guilty to arson, a Class C felony, *see* Tenn. Code Ann. § 39-14-301(a)(1) (2003), and agreed to a three-year, Range I sentence.  The trial court conducted a sentencing hearing to determine the manner of service of the sentence and ordered split confinement. The defendant appeals the confinement component of his sentence.  We affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined.  JOSEPH M. TIPTON, J., filed a concurring opinion.

Chadwick G. Hunt, Savannah, Tennessee, for the Appellant, Bruce Franks, Jr.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; G. Robert Radford, District Attorney General; and John Overton, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The defendant's presentence report showed that he had no record of criminal convictions and did not use alcohol or illegal drugs.  At the sentencing hearing, the 23-year-old defendant testified that he is a high school graduate, that he receives social security disability payments, and that he is under the care of a psychiatrist.  He admitted that he committed arson by setting fire to a cabin.  He also admitted to setting a house afire when he was several years younger and to setting the woods afire.  He testified that he liked to "watch things burn."

The presentence report indicated that the defendant's disability is based upon mental impairment.  A written mental health report exhibited to the sentencing hearing showed that the defendant is mildly retarded and, as a result, experiences inadequate impulse control.  The report said, "Arson tendencies are difficult to treat under the best of circumstances.  Mental retardation complicates any proposed treatment."

Following the sentencing hearing, the trial court ordered a split-confinement sentence with probation to follow 60 days' confinement. On appeal, the defendant claims that the trial court erred in failing to state on the record the facts relied upon for its sentencing determination and in ordering jail confinement as opposed to probation with treatment. We affirm the judgment of the trial court.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In felony sentencing, the trial court has an affirmative duty to state on the record, either orally or in writing, which enhancement and mitigating factors it found and its findings of fact. Tenn. Code Ann. §§ 40-35-209(c), -210(f) (2003); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998); *State v. Russell*, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999).

In the present case, the trial court did not make findings of fact and did not refer to the sentencing principles and considerations. For this reason, our *de novo* review of the sentence is unaccompanied by the presumption of correctness. We see no reason, however, to remand the case for findings of fact. The sentencing hearing was straightforward. Documentary evidence was submitted, and the brief testimony offered did not present any credibility issues. Therefore, we proceed to review *de novo* the trial court's sentencing judgment.

The range of sentence, the specific sentence, and the propriety of sentencing alternatives are determined by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. § 40-35-210(a), (b) (2003); *id.* § 40-35-103(5) (2003); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003). However, a defendant who commits "the most severe offenses, possess[es] a criminal histor[y] evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy the presumption. *See id.* § 40-35-102(5), (6) (2003); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Tenn. Code Ann. §

40-35-103(5) (2003). Sentencing issues are to be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

On the one hand, the defendant in this case enjoyed the presumption of favorable candidacy for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6) (2003). On the other hand, the defendant did receive an alternative sentence; split confinement is an alternative sentencing option. *State v. Adam Short*, No. 03C01-9703-CR-00090, slip op. at 3 (Tenn. Crim. App., Knoxville, Jan. 28, 1998). "The benefit the defendant enjoyed in being presumed a suitable candidate for alternative sentencing has been depleted." *Id.*

As such, the defendant bore the burden of establishing his entitlement to full probation. *See id*., slip op. at 4; *State v Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000). To meet that burden, the defendant must show that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *Bingham*, 910 S.W.2d at 456 (citation omitted). In that regard, the trial court appropriately considers the defendant's candor and credibility, or lack thereof, as indicators of his potential for rehabilitation. *See, e.g., State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997).

We hold that the defendant failed to carry the burden of showing what is essentially entitlement to full probation. Although he has no prior record of criminal convictions and does not use alcohol or illicit drugs, the record shows that "arson tendencies" are difficult to treat, especially when impulse control is hampered by mental retardation. Accordingly, we are at a loss to understand from the record what treatment would be apt and efficacious. The trial court apparently applied the notion that confinement may help the defendant in the future to control his impulses to set fires. The record suggests no other or better means of rehabilitating the defendant. Thus, we conclude that a brief period of confinement is supported in the record.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE