IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2002

## STATE OF TENNESSEE v. JOE CARLTON HURT

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8035      C. Creed McGinley, Judge**

---

**No. W2001-02742-CCA-R3-CD  - Filed October 9, 2002**

---

The defendant contends the trial court should have sentenced him to a Community Corrections Program. We conclude ample evidence exists to support the trial court's findings that incarceration is necessary to protect society from the defendant. The defendant has a long history of criminal conduct. We affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant Public Defender, for the appellant, Joe Carlton Hurt.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Background

The defendant, Joe Hurt, appeals his two-year jail sentence contending the trial court erred in not sentencing him to the Community Corrections Program.

The first set of offenses occurred on August 31, 2000. A Hardin County deputy stopped the defendant after observing him driving recklessly. The deputy determined that the defendant was intoxicated and was prohibited from driving due to his habitual motor vehicle offender status. The defendant was arrested for the following offenses:

(1) driving while prohibited as a habitual motor offender, in violation of Tennessee Code Annotated section 55-10-616(a),

(2) driving under the influence of an intoxicant or drug, sixth offense, in violation of Tennessee Code Annotated section 55-10-401(a)(2), and

(3) driving while under the influence of an intoxicant or drug, sixth offense, in violation of Tennessee Code Annotated section 55-10-401(a)(1).

The second set of offenses occurred about three months later, on November 17, 2000, while the defendant was on bond for the above offenses. After being dispatched to a domestic violence call, a Hardin County deputy observed the defendant fleeing the scene in his car. The defendant's blood alcohol level registered at .13 %, therefore, the officer arrested the defendant for the next set of offenses:

(4) driving while prohibited as a habitual motor offender, in violation of Tennessee Code Annotated section 55-10-616(a),

(5) driving under the influence of an intoxicant or drug, sixth offense, in violation of Tennessee Code Annotated section 55-10-401(a)(2), and

(6) driving while under the influence of an intoxicant or drug, sixth offense, in violation of Tennessee Code Annotated section 55-10-401(a)(1).

The defendant was later indicted in a six-count indictment for all the above offenses, with Counts 2, 3, 5, and 6 specifically alleging five prior D.U.I.s.

Pursuant to a negotiated plea agreement on June 14, 2001, the defendant entered a guilty plea to two counts of driving after having been declared a habitual motor vehicle offender and two counts of D.U.I., both judgments reflecting sixth offense. The defendant agreed to the following terms:

Counts 1 and 4 - Defendant will serve one year in the Department of Correction.

Counts 2 and 5 - Defendant will serve one year in the Department of Correction with a minimum service of 150 days to be served day for day with a $3,000 fine and all driving privileges revoked for five years.

Counts 3 and 6 - Nolle Prosequi

Defendant will serve counts 1 and 2 concurrently.

Defendant will serve counts 4 and 5 concurrent with each other, but consecutive to Counts 1 and 2.

The defendant's effective sentence, therefore, is two years incarceration in the Tennessee Department of Correction with 300 days to be served day for day as required under Tennessee Code Annotated section 55-10-403(a)(1). The defendant requested the trial court to consider his eligibility to serve his sentence in the Community Corrections Program. Upon the defendant's motion, the trial court issued an Order of Reference to the Community Corrections Program to inquire into the defendant's criminal history, social history, and mental health history in order to determine eligibility for this alternative sentence.

Pursuant to the Order of Reference, the trial court ordered the Quinco Mental Health Center to perform a mental examination for use in determining the defendant's eligibility for this alternative

sentence. However, the defendant failed to complete the mental examination conducted by Dr. Gallaher, a staff member of the Quinco Mental Health Center. In his letter to the trial court, Dr. Gallaher stated that the defendant "failed to reveal any sign and/or symptom that would overrule his right to decline further evaluation." Dr. Gallaher stated that he could not complete the program's mental health examination due to the defendant's lack of participation.

At his sentencing hearing, the defendant expressed his dissatisfaction over inconsequential portions of his presentencing report. However, the defendant did not testify and offered no proof to support his request for alternative sentencing. After discussing his dissatisfaction with the presentencing report, the defendant stated that he could "live with it."

At the sentencing hearing, the trial court considered the guilty plea, the presentence report, and the letter from Dr. Gallaher in evaluating the defendant's manner of service. The trial court found that in light of the defendant's extensive criminal history, he was not eligible for alternative sentencing. Thus, the trial court ordered the defendant to serve his sentence in the Tennessee Department of Correction.

## II. Analysis

### A. Issue Presented

The sole issue in this appeal is whether the trial court erred in determining the defendant's manner of service. The defendant argues that he is an eligible candidate for sentencing under the Tennessee Community Corrections Act, Tenn. Code Ann. § 40-36-101, et seq. The defendant argues that he should not have been sentenced to the Tennessee Department of Correction. We disagree and affirm the judgments of the trial court.

### B. Standard of Review

When an accused challenges the length, range or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with the presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. §§ 40-35-401(d), 40-35-402(d) (1997). If our review "reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result." State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

On appeal, the defendant has the burden of establishing that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments. To conclude whether the defendant has met his burden, this Court must consider the following: (a) the evidence, if any, received at trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing

and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e ) any statutory, mitigating and/or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210. We conclude that the defendant has not met his burden of establishing that his sentence is improper.

## C. Sentence

The defendant entered into a plea agreement in which he agreed that he was guilty of his sixth and seventh DUI offenses, as well as to driving on two occasions after being declared a habitual motor vehicle offender. All of these offenses are Class E felonies. The sentences imposed by the trial court are the minimum sentences for the crimes charged.

Where the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record, the weight given each factor is left to the discretion of the trial court. State v. Robinson, 971 S.W.2d 30, 48 (Tenn. Crim. App. 1997); see Tenn. Code Ann. § 40-35-210, Sentencing Comm'n Comments. Although the defendant claims that the State did not adequately introduce any evidence to show that his confinement is necessary to protect society, we disagree.

The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). The trial court found that the defendant's prior criminal history is indicative of an inability to rehabilitate and demonstrates the defendant's ineligibility for the Community Corrections Program. We agree this sentence is supported by the evidence submitted at the sentencing hearing and is consistent with sentencing principles.

## D. Manner of Service

The defendant argues that the trial court erred in not sentencing him pursuant to the Tennessee Community Corrections Act, Tenn. Code Ann. § 40-36-101, et seq. Defendants falling within the "standard offender" class and convicted of a non-violent "Class C, D, or E felony" are presumed to be favorable candidates for alternative sentencing options "in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). However, if the trial court finds there exists sufficient evidence to rebut the presumption that the defendant is a successful candidate for rehabilitation, the court is not required to follow alternative sentencing requirements. Under Tennessee Code Annotated section 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if:

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A) - (C).

The trial court found that this defendant was entitled to the presumption, but that presumption was overcome by his prior criminal record. This Court has held in the past that offenders who meet the criteria for alternative sentencing are not automatically entitled to alternative sentencing. See State v. Nunley, 22 S.W.3d 282, 285 (Tenn. Crim. App. 1999), perm. app. denied (Tenn. 2000). This defendant has an extensive history of driving under the influence. The defendant's last violation occurred while on bond from a D.U.I. arrest only three months prior. We agree that the defendant's voluminous criminal record supports the conclusion that confinement is needed to protect society from further violations. See State v. Cross, 1999 Tenn. Crim. App. LEXIS 1191, No. E1998-00364-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Dec. 6, 1999), perm. app. denied (Tenn. 2000).

The defendant argues that he is "amenable to rehabilitation" and should be eligible for the Community Corrections Program. The defendant's conclusory statements regarding his amenability for rehabilitation are not supported by his history or his failure to cooperate with mental health personnel. Furthermore, the defendant's failure to complete the mental health examination demonstrates his lack of commitment to rehabilitation.

### III. Conclusion

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE