IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2001

**STATE OF TENNESSEE v. JOHN D. SNEED**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-A-11     Cheryl Blackburn, Judge**

_____

**No. M2001-00591-CCA-R3-CD - Filed January 8, 2002**

_____

The defendant pled guilty in 1998 to delivery of over 0.5 grams of cocaine for an agreed fine of $2,000 and an eight-year sentence, as a Range I standard offender, with the manner of service of the sentence to be determined by the trial court. Following a sentencing hearing, the trial court denied alternative sentencing.  In this appeal, the defendant contests this denial.  After review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Ross E. Alderman, District Public Defender; and Jonathan F. Wing (at hearing), Joseph E. Clifton (at hearing), and C. Dawn Deaner (on appeal), Assistant District Public Defenders, for the appellant, John D. Sneed.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Sharon L. Brox and Roger D. Moore, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The defendant entered a guilty plea on July 9, 1998, to delivering cocaine over 0.5 grams. The trial court instructed him to meet with the probation officer to assist in preparation of the presentence report and to appear at his sentencing hearing on August 21.  The defendant failed to comply with either instruction, and a warrant was issued for his arrest.  The defendant was arrested on December 29, 2000, and was sentenced on February 9, 2001.  The trial court imposed the agreed sentence of eight years but denied alternative sentencing.

**SENTENCING HEARING TESTIMONY**

Glen Sneed, the defendant's father, testified the defendant was a hard worker and always complied with family rules. He further stated the defendant had custody of his two 13-year-old twin boys, who would be devastated without their father. Sneed pledged to assist the defendant in complying with the requirements of any alternative sentence.

Joy Sneed, the defendant's mother who resided with the defendant, testified the defendant was a good father and a hard worker. She conceded to the court that she had been aware since 1998 that the defendant failed to appear at his sentencing hearing; yet, she did nothing.

The defendant testified he did not know of the required meeting concerning preparation of his presentence report. He further testified he was hospitalized the morning of his initially-scheduled sentencing hearing due to a herniated disk in his back, so he called the clerk's office and left a message. Then, he called his attorney, who "started yelling at me and told me I messed up and just got [myself] eight years and pretty much scared me to death." The defendant conceded he was currently facing a misdemeanor theft charge for which he had agreed to plead guilty for a suspended sentence. He also acknowledged he received a suspended sentence for a misdemeanor drug conviction in 1991.

## DENIAL OF ALTERNATIVE SENTENCING

### A. Standard of Review

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1).

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

### B. Analysis

The defendant pled guilty to a Class B felony. Accordingly, the Defendant bore the burden of establishing that he was a suitable candidate for alternative sentencing, and that it would "subserve the ends of justice and the best interest of both the public and the defendant." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (citations omitted). As a Class B felon, the defendant is not entitled to a presumption of being a favorable candidate for alternative sentencing.

The trial court specifically noted the defendant had intentionally failed to appear in court as ordered and remained at large for over two years. The trial court further found the defendant had been blatantly untruthful in his explanations for failing to meet with the presentence report officer. Untruthfulness may be considered by the trial court as indicating a lack of potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999). As illustrated in the presentence report, the defendant was convicted of misdemeanor drug possession in 1991. Furthermore, during the pendency of the instant offense, he has agreed to plead guilty to misdemeanor theft.

Under the circumstances, we will not disturb the findings of the trial court. The defendant has not met his burden of establishing the sentence was improper. We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE