# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 24, 2011

## STATE OF TENNESSEE v. JOHN ERIC GARVIN, JR.

**Direct Appeal from the Circuit Court for Montgomery County**
**Nos. 40601078, 40701676, 40900283, & 40900715      John H. Gassaway, III, Judge**

_____

**No. M2010-01942-CCA-R3-CD - Filed July 26, 2011**

_____

In 2007, the Defendant, John Eric Garvin, Jr., pled guilty to reckless aggravated assault, but the trial court suspended the entry of his judgment of conviction and placed the Defendant on judicial diversion for a term of three years. The Defendant subsequently violated the terms of his diverted sentence by, among other things, possessing a Schedule II drug, possession of marijuana with the intent to sell, and driving on a suspended license, second offense. The Defendant pled guilty to each of these offenses and admitted violating the terms of his diversion. The trial court revoked the Defendant's judicial diversion and imposed a sentence of two years for his reckless aggravated assault conviction. The trial court ordered the Defendant to serve nine additional years for the offenses he committed while on diversion, ordering those sentences to be served consecutively to his two-year sentence for reckless aggravated assault. The trial court ordered the Defendant to serve his total effective sentence of eleven years in the Tennessee Department of Correction. On appeal, the Defendant contends the trial court erred when it denied his request for alternative sentencing. Having reviewed the record and applicable law, we conclude the trial court properly denied alternative sentencing. Accordingly, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

B. Nathan Hunt, Clarksville, Tennessee, for the Appellant, John Eric Garvin, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; John W. Carney, Jr., District Attorney General; John Finklea, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant's conviction of reckless aggravated assault and the multiple criminal offenses he committed after having been granted judicial diversion for the reckless aggravated assault conviction. According to the presentence report introduced in this case, in July 2006, the Defendant and a friend drove by the house of a man with whom they had been engaged in a dispute, and they fired multiple shots into the man's house. The shooting caused the man's father, who was at the home during the shooting, to fear for his life. Based on this conduct, a Montgomery County grand jury indicted the Defendant for aggravated assault. In July 2007, the Defendant pled guilty to reckless aggravated assault, and the trial court suspended entry of the judgment of conviction and placed the Defendant on a three-year term of judicial diversion.

Between November 2007 and May 2009, four warrants were filed that alleged the Defendant violated the terms of his judicial diversion program by: committing additional criminal offenses; failing to provide a negative drug screen; failing to obtain employment; failing to inform his probation officer of his change of address; and failing to report to his probation officer. On May 14, 2009, the Defendant admitted to violating the terms of his judicial diversion program, and the trial court found the Defendant guilty of violating the agreement and ordered the Defendant to complete a six-month drug rehabilitation program. Also on this date, the Defendant pled guilty to possession of over .5 grams of cocaine with intent to sell and possession of marijuana with intent to sell. In July 2009, the Defendant pled guilty to driving on a suspended license, second offense. In September 2009, a fifth warrant was filed alleging the Defendant violated the terms of his probation. In January 2010, after the Defendant was ejected from the court-ordered rehabilitation program, a sixth warrant was filed alleging the Defendant had violated the terms of his judicial diversion program.

On July 1, 2010, the trial court held a revocation hearing wherein the following evidence was presented: According to the Defendant's presentence report, the Defendant, who was twenty-two at the time of sentencing, started using alcohol at the age of twelve, started using marijuana at the age of sixteen, and dropped out of school in the eleventh grade. The Defendant had at different points in time abused Oxycontin, Xanax, Lortab, Percocet, heroin, and cocaine. He had enrolled in two drug rehabilitation programs, but each program terminated his participation due to continued drug use. The Defendant's criminal history included two convictions for driving on a revoked license and one conviction for failure to use safety belt/child restraints.

The Defendant said he had work experience in masonry, forklift operation, and

construction.  He had worked as a farm laborer, and he was a mason tender at Georgia Masonry from 2004 to 2006.  Due to his drug abuse and frequent arrests, the Defendant had not been formally employed since 2006, but he had worked "general labor" jobs in exchange for cash.  The Defendant had no job prospects in the event he was granted alternative release.

The Defendant reported having a good relationship with his family and said that he would live with his mother if granted an alternative sentence.  The Defendant had one minor son, for whom he owed a child support obligation of $250 per month.  The Defendant also owed $3200 in restitution for a prior car accident.

The Defendant testified that he had a "serious drug problem," which caused him to continually re-offend after being arrested and released for drug possession charges while on judicial diversion.  He explained that his initial addiction was to cocaine but that he later became addicted to prescription painkillers and heroin, which he described as his "worst" addiction.  The Defendant said that the first time he attended drug rehabilitation while on judicial diversion, he entered a nine-month program in Nashville, but he was asked to leave after failing a drug test.  He immediately enrolled in another program in Lavergne, Tennessee, but was asked to leave after two and half months because he failed another drug test.  Approximately one month after being terminated from this program, the Defendant was arrested in this case.  Consequently, prior to the sentencing hearing, the Defendant had been incarcerated for six months, during which time he had not abused any substances.

The Defendant testified that another drug abuse rehabilitation program, New Canaan Ranch, had admitted him and that he believed such a program was "very necessary" for his recovery.  The Defendant insisted that, because he had gone six months without abusing drugs, he was far better prepared to complete a drug rehabilitation program than when he entered the two previous programs without first ceasing his drug use.  He testified that one of the reasons he wished to serve an alternative sentence was that he wanted to visit his eighteen-month-old son and to be able to work to support him.  The Defendant expressed his willingness to comply with a sentence of Community Corrections, which he acknowledged would require him to maintain full-time employment, perform public service, and pass random drug screens.  The Defendant requested that the trial court allow him to complete a drug rehabilitation program at New Canaan and to sentence him when he finished the program:

> Your Honor, from the time I was fifteen and started using drugs, to where I am at now, this is the first clean time I have had–as much as I hate to really admit, these six months in jail probably was the best thing for me at this point, so I can get my head on and think straight.  I ask the Court to give me another chance at rehab so I can be there for my son and do something right

with my life, and try to put all this behind me and stay off drugs.

At the conclusion of the hearing, the trial court sentenced the Defendant to two years for his reckless aggravated assault conviction, eight years for his possession of cocaine with intent to sell conviction, eighteen months for his possession of marijuana with intent to sell conviction, and six months for his driving on a suspended license, second offense, conviction. The trial court ordered the Defendant's sentence for reckless aggravated assault and possession of cocaine with intent to sell to be served consecutively to each other but concurrently to his sentences for possession of marijuana with intent to sell and driving on a suspended license, which were to be served concurrently with one another. The trial court ordered the Defendant to serve his total effective sentence of eleven years in the Tennessee Department of Correction. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends the trial court erred when it refused to either allow him to complete rehabilitation before sentencing him or to grant him a sentence of Community Corrections. The Defendant argues that, because the majority of his criminal convictions were "due to his drug addiction," his history of criminal activity does not indicate that confinement is necessary. He contends that, because he was willing to complete drug rehabilitation, confinement was not "the least severe measure necessary to achieve the purposes for which the sentence was imposed." The Defendant also argues that he qualified for Community Corrections and that the trial court erred when it refused to allow him to serve his sentence on Community Corrections.

The State responds that, because the Defendant was sentenced to more than ten years, he was eligible for neither probation nor Community Corrections. It also argues that, even were the Defendant eligible for alternative sentencing, the Defendant's persistent drug use and criminal behavior while on judicial diversion support the trial court's determination that confinement was necessary.

If a defendant seeks probation, then that defendant bears the burden of "establishing [his] suitability." T.C.A. § 40-35-303(b) (2009). An offender is eligible for probation if he is sentenced to ten years or less and has not been convicted of one of several offenses for which probation is prohibited. T.C.A. § 40-35-303(A) (2009). As the Sentencing Commission points out, "even though probation must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law." T.C.A. § 40-35-303 (2009), Sentencing Comm'n Cmts.

Due to the 2005 sentencing amendments, a defendant is no longer presumed to be a

4

favorable candidate for alternative sentencing. *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (citing T.C.A. § 40-35-102(6) (2006)). Instead, a defendant not within "the parameters of subdivision (5) [of T.C.A. § 40-35-102], and who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." *Id*. (footnote omitted). T.C.A. § 40-35-102(6); 2007 Tenn. Pub. Acts 512. Additionally, we note that a trial court is "not bound" by the advisory sentencing guidelines; rather, it "shall consider " them. T.C.A. § 40-35-102(6) (emphasis added).

When sentencing the defendant to confinement, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(A)-(C) (2006). In choosing among possible sentencing alternatives, the trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment." T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

The Tennessee Community Corrections Act was developed to "punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1). The program is available for:

(1) [p]ersons who, without this option, would be incarcerated in a correctional institution;

(2) [p]ersons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against

5

the person . . . ;

>   (3) [p]ersons who are convicted of nonviolent felony offenses;

>   (4) [p]ersons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

>   (5) [p]ersons who do not demonstrate a present or past pattern of behavior indicating violence; [and]

>   (6) [p]ersons who do not demonstrate a pattern of committing violent offenses . . . .

T.C.A. § 40-36-106(a)(1)-(6).  Those who are sentenced to incarceration or are on escape at the time of sentencing are not eligible for the program.  T.C.A. § 40-36-106(6).

Felony offenders who are not otherwise eligible for the program "and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution," may be considered for punishment in the community under the "special needs" provisions of the Community Corrections Act. T.C.A. § 40-36-106(c).  In order to be sentenced pursuant to the "special needs" exception, however, the offender must first demonstrate that he or she is eligible for probation. *Grigsby*, 957 S.W.2d at 546.  The appellant bears the burden of demonstrating a "special need." *Id*. at 547 n.11.

In sentencing the Defendant in this case, the trial court stated that it had considered the evidence, the principles of sentencing, the arguments as to sentencing, and the nature and characteristics of the criminal conduct involved as to each offense.  The trial court also stated that it had considered the Defendant's potential for rehabilitation, whether the Defendant would abide by the terms of probation, whether the possibility of future criminal conduct by the Defendant required his confinement, whether measures less restrictive than confinement had been frequently or recently applied unsuccessfully to the Defendant, whether probation would unduly depreciate the seriousness of the offense, and whether confinement was particularly well suited to provide an effective deterrent to others likely to commit similar offenses.  After mentioning these factors, and the applicable enhancement and mitigating factors, the trial court sentenced the Defendant to an effective sentence of eleven years of confinement.

The Defendant is a Range I, Standard Offender convicted of several Class D felonies

and one Class A misdemeanor. The sentences he received were well within the range of appropriate sentences provided for in the Sentencing Act, and the Defendant does not contest the length of his sentences. He instead contends the trial court either should have postponed sentencing until the Defendant could complete a drug rehabilitation program or should have allowed the Defendant to serve his sentence on Community Corrections.

The Defendant's contention that he should have been allowed to serve his sentence on Community Corrections fails due to his in ineligibility for Community Corrections. The Defendant was not eligible for probation because he was sentenced to eleven years. *See* T.C.A. § 40-35-303(A). Because eligibility for probation is a necessary prerequisite for sentencing under the "special needs" provision of the Community Corrections Act, the Defendant was likewise ineligible for Community Corrections. *See Grigsby*, 957 S.W.2d at 546. Thus, the trial court's denial of alternative sentencing was correct and, in fact, mandated by the Sentencing Act. *See id*.

As to the Defendant's remaining contention, we conclude that the trial court did not abuse its discretion when it refused the Defendant's request to postpone sentencing until the Defendant attempted another drug rehabilitation program. We agree with the trial court that another attempt at rehabilitation would likely be unsuccessful. Although the Defendant has a relatively short criminal record, he repeatedly violated the law and continued to abuse drugs after receiving a sentence of judicial diversion. While we acknowledge that the sustained period of sobriety immediately preceding the sentencing hearing improves his chances at successfully completing rehabilitation, the Defendant has twice been ejected from drug rehabilitation programs. Additionally, the Defendant violated other conditions of his judicial diversion agreement by failing to obtain employment or perform public service. Most notably, however, the Defendant's original offense, reckless aggravated assault, was based on the Defendant's extremely reckless and violent act of firing a gun into the home of an adversary. The trial court properly denied alternative sentencing in this case. The Defendant is not entitled to relief.

### III. Conclusion

Having thoroughly reviewed the record and relevant law, we conclude the trial court properly ordered the Defendant to serve his sentences in confinement. As such, we affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

7