# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
March 5, 2013 Session

## STATE OF TENNESSEE v. ROBERT JOSEPH HARR

**Appeal from the Circuit Court for Carroll County**
**No. 10-CR-0159    Donald E. Parish, Judge**

---

**No. W2011-02735-CCA-R3-CD - Filed September 27, 2013**

---

**JOSEPH M. TIPTON, P.J., concurring and dissenting.**

I concur with the majority opinion, except I respectfully disagree with its affirming the imposition of forty-five days' confinement. I do not believe the trial court justified confinement as opposed to full probation under the circumstances in this case. My view results from the trial court's findings and the law that guides its determinations.

As the majority opinion indicates, the record reflects that the appellant's background is worthy of note. He had no significant history of criminal conduct.[1] He was a Vietnam veteran and had maintained employment throughout his life. He had worked at a homeless shelter. He had fostered thirty to forty children. Significantly, he had found work for young men on probation, noting that his son could not find work after being incarcerated. The trial court also found that he had "good potential for rehabilitation." At the time of the trial, the appellant suffered from "white cancer" and kidney failure.

With these facts indicating the appellant was a good candidate for probation, the trial court chose to require him to serve forty-five days. It stated that there was "some need for the protection of the interests of society for future criminal conduct." It also stated that "some confinement" would "provide an effective deterrent to others" and that full probation would "depreciate the seriousness of the offense."

My problem is that the trial court did not note any fact or circumstance in the case that would give rise to these concerns or separate this case from other similar offenses. Although the trial court's comments indicated that it believed the appellant committed a sexual battery,

---

[1] The trial court referred to a case in an adjacent county but stated it would not consider it in this case. The record does not show what that case involved, and we, too, should not consider it.

a Class E felony, the legislature has authorized a sentence for full probation for that offense in appropriate cases. *See* T.C.A. § 40-35-303(a) (2010).

In any event, the basic considerations for felony sentencing also apply to misdemeanor sentencing. "The court shall impose a sentence consistent with the purposes and principles of this chapter." T.C.A. § 40-35-302(b). The same is true regarding probation. "In determining the percentage of the sentence to be served in actual confinement, the court shall consider the purposes of this chapter, the principles of sentencing and the enhancement and mitigating factors set forth in this chapter and shall not impose such percentages arbitrarily." *Id.* at -302(d).

The majority opinion quotes Tennessee Code Annotated section 40-35-103(1)(A)-(C) as considerations for sentences to confinement. The present case involves (B): "Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit a similar offense." Neither the trial court nor the majority opinion, though, specifies what facts justify confinement in this case.

Initially, I do not believe that our supreme court intended in *Bise* or *Caudle* to do away, in wholesale fashion, with Tennessee jurisprudence developed over the last thirty years upon which the Sentencing Act is based and in which the Act's provisions are interpreted. One such consideration is that the circumstances surrounding an offense may not justify denying probation regardless of the other factors to be considered unless they are "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree." *State v. Travis*, 622 S.W.2d 529, 534 (Tenn. 1981); *see State v. Fields*, 40 S.W.3d 435, 441 (Tenn. 2001); *State v. Hartley*, 818 S.W.2d 370, 375 (Tenn. Crim. App. 1991) (stating the *Travis* standard applies to section 40-35-103(1)(B)). I note that *Travis* was decided under an abuse of discretion standard, which we use now. In this regard, I do not believe the circumstances in this case rise to the degree contemplated in *Travis*.

The other relevant consideration is the need for deterrence. The general deterrence expected from punishment is not what is at issue. The Sentencing Act states that confinement be "particularly suited to provide an effective deterrence to others likely to commit similar offenses." T.C.A. § 40-35-103(1)(B). This means that the evidence presented should "indicate some special need or consideration relative to that jurisdiction which would not be addressed by the normal deterrence inherent in any criminal activity." *Hartley*, 818 S.W.2d at 375; *see State v. Nunley*, 22 S.W.3d 282, 286 (Tenn. Crim. App. 1999). In other words, a finding of deterrence must not be conclusory, but based upon proof. *See State v. Davis*, 940 S.W.2d 558, 560 (Tenn. 1997). In *State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000), our supreme court stated that given the goals of the Sentencing Act, a "blanket

policy allowing incarceration based solely upon deterrence could do significant harm to these purposes, if not eliminate them all together." I do not believe the circumstances in this case reflect that confinement is particularly suited for deterrence purposes, and I believe the trial court made a conclusory finding of the need for deterrence.

Based on the trial court findings, the appellant, the circumstances of the case, and the applicable purposes and principles for sentencing, I believe the sentence to confinement for forty-five days was arbitrarily imposed. I would order that the appellant be placed on probation.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE