IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 4, 2005

## STATE OF TENNESSEE v. TROY CLEVELAND LOWERY

**Appeal from the Circuit Court for Obion County
No. 4-367    William B. Acree, Jr., Judge**

---

**No. W2005-00244-CCA-R3-CD  - Filed January 5, 2006**

---

The appellant, Troy Cleveland Lowery, was indicted on five counts of felony theft. The appellant pled guilty to two counts of Class C felony theft and two counts of Class D felony theft. Following a sentencing hearing, the appellant was sentenced to three years on the Class D convictions and four years on the Class C convictions; the sentences were ordered to run concurrently. However, the trial court suspended all of the sentence with the exception of six months. The appellant was also ordered to pay restitution in the amount of $91,215.75. The trial court ordered that $60,000 of the restitution be paid prior to the appellant's release from jail. The appellant filed a timely notice of appeal, seeking our review of the trial court's denial of probation. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ALAN E. GLENN, JJ., joined.

David L. Hamblen, Union City, Tennessee, for the appellant, Troy Cleveland Lowery.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Thomas A. Thomas, District Attorney General; and James Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In October of 2004, the appellant was indicted on five counts of felony theft from his employer, Stanley Jones Corporation. The thefts totaled more than $90,000. The appellant eventually pled guilty to four counts of theft, including two counts of Class C felony theft and two counts of Class D felony theft.

According to the presentence report, the appellant claimed that gambling debts spawned his thefts from his employer. At the time of the guilty plea, the appellant had two prior convictions, one for marijuana possession in 1990 and another for driving while intoxicated in South Carolina in 1995.

At the sentencing hearing, Stanley Jones, II, testified that the appellant had been an employee of the Stanley Jones Corporation for seventeen years. The appellant's mother and father also worked for the company. The appellant worked his way up in the company, eventually becoming a project manager on construction jobs. According to Mr. Jones, the appellant contrived a scheme whereby he worked in concert with a supplier to send an invoice to the company for equipment that was never purchased. The appellant would see to it that the invoice was paid from the company to the supplier and then collect his share of the proceeds of the payment from the supplier. The appellant completed the scheme several times, once presenting the company with a false invoice for about $50,000 from the Beaber Company.

In another instance of theft, the appellant, who received a per diem and a living allowance while out of town on a job, rented a house and coded it as a warehouse, and was reimbursed for the expense in addition to his per diem and living allowance. The appellant also ordered parts from an auto company for a race car that he owned, but billed Stanley Jones Corporation for the parts and coded them as plumbing supplies. Mr. Jones commented that the thefts were discovered over time. The appellant still retained possession of a company laptop computer and cellphone. Since the appellant's indictment, Stanley Jones Corporation had discovered an addition $8,000 in company losses.

Mr. Jones testified that the company wanted restitution and Mr. Jones relayed his displeasure in the appellant's less-than-cooperative attitude in revealing the full extent of his criminal behavior. Mr. Jones acknowledged that the company was insured for a portion of the loss, with a deductible of $15,000, but informed the court that the insurance company had not paid any money prior to the court's decision on the amount of restitution that the appellant would be responsible for paying. Mr. Jones testified that the appellant offered to pay some of the restitution from his company 401(k) plan.

Sheriff Jerry Vastbinder testified that the appellant admitted his guilt when confronted with accusations of stealing from his employer, Stanley Jones Corporation. However, Sheriff Vastbinder was disappointed that the appellant was not completely forthcoming about the full extent of his thefts. Sheriff Vastbinder stated that as new information came to light indicating that the appellant had stolen more money than originally thought, the appellant would confirm his criminal behavior only after confronted. Sheriff Vastbinder testified that the investigation originally revealed around $50,000 in theft, but gradually escalated to reveal that the appellant had stolen more than $90,000 from his employer.

The appellant testified that he was married with two children and had a tenth grade education. The appellant explained that he worked his way up in the "family-oriented" company and received

good compensation for his work and bonuses when jobs were finished on time. The appellant stated that his salary in the year prior to his indictment was around $140,000.

The appellant claimed that he started stealing money from the company to cover his gambling debts. The appellant explained that he received about $6,000 or $7,000 from the scam with the Beaber Company and stated that he admitting his wrongdoing when confronted with the theft. The appellant admitted that he was not sure if the Beaber Company knew he was stealing. Further, the appellant stated that he had not contacted the Beaber Company to ask them to refund the money to Stanley Jones. However, he stated that he "absolutely" intended to get the Beaber Company to repay the money. The appellant stated that the criminal behavior had a substantial impact on his life because he had lost his job, felt like a failure, and felt sorry for himself. The appellant apologized both to his family and to the victim.

The appellant explained that he had about $90,000 in his 401(k) plan and stated that he intended to use all of it, minus about $30,000 in taxes, to make restitution to Stanley Jones Corporation. The appellant claimed that he would have already paid some restitution, but was told not to by his attorney. The appellant testified that he could access the funds in his 401(k) account within two to three days.

The appellant's wife testified that she had no knowledge of her husband's criminal behavior and that the appellant was otherwise a good father and provider. She stated that the appellant would follow any rules imposed on him by the court if given probation. Further, the appellant's wife was aware that the appellant intended to use his 401(k) to pay restitution and stated that the appellant intended to sell property in order to help repay the rest of the money.

At the conclusion of the sentencing hearing, the trial court sentenced the appellant to three years on the Class D convictions and four years on the Class C convictions; the sentences were ordered to run concurrently. The trial court suspended all of the sentence with the exception of six months. Additionally, the trial court ordered the appellant to pay restitution in the amount of $91,215.75. The trial court ordered that $60,000 of the restitution be paid prior to the appellant's release from jail.

Subsequently, the appellant filed a timely notice of appeal, challenging the trial court's denial of full probation.

<u>Analysis</u>

On appeal, the appellant argues that the trial court erred in denying full probation and imposing a period of incarceration. The State disagrees.

When reviewing sentencing issues . . . , the appellate court shall conduct a <u>de novo</u> review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. §

40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5) & -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

Turning more specifically to the facts of this case, the appellant pled guilty to four counts of theft of property. Because two counts of the theft of property were Class D felonies, the range of punishment on those offenses was not less than two nor more than four years. Tenn. Code Ann. § 40-35-111. The remaining two counts of theft of property were Class C felonies, so the range of punishment on those offenses was not less than three nor more than six years. Id. Undisputably, this appellant was a Range I offender; thus, the presumptive sentence is the minimum in the range. The trial court should consider, but is not bound by, the advisory sentencing guidelines, which suggest that "the minimum sentence within the range of punishment is the sentence which should be imposed because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications." Tenn. Code Ann. § 40-35-210(c)(1).

In balancing these concerns, a trial court should start at the presumptive sentence, enhance the sentence within the range for existing enhancement factors, and then reduce the sentence within the range for existing mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. Id.

In regards to alternative sentencing Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court

must presume that a defendant sentenced to eight years or less is an offender for whom incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a). The appellant herein was convicted of two counts of theft of property, both Class C felonies, and two counts of theft of property, classified as Class D felonies. Thus, the appellant was presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). However, even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if :

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. See State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); see also State v. Bunch, 646 S.W.2d 158, 160-61 (Tenn. 1983); State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); State v. Williamson, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); Dowdy, 894 S.W.2d at 305-06.

At the conclusion of the hearing, the trial court made the following findings of fact and conclusions of law:

> The Court has considered the evidence presented at the guilty plea, the evidence presented today, the testimony of the defendant, the argument of his counsel, the pre-sentence report, and also the sentencing guidelines established by the legislature.
>
> [Counsel for the appellant] correctly argues that mitigating factor No. 1 applies, the defendant's conduct neither caused nor threatened serious bodily injuries.
>
> He also concedes that there are two enhancing factors that apply. No. 2, the defendant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range. I'm making reference, of course, to the misdemeanor drug charge and the misdemeanor DUI charge.

The defendant also concedes, through his attorney and through his testimony - - or through the admission made in his testimony - - that he abused a position of private trust, which is reflected in Enhancement Factor No. 16.

The Court looks first at the general principles of sentencing, general purposes. The Court notes that every defendant shall be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense. Also, punishment shall be imposed to prevent crime and promote respect for the law by providing an effective general deterrent for those likely to violate the criminal laws of the state.

The Court finds that there is a need for deterrence in this case for several reasons.

No. 1, this conduct took place over a long period of time. It involved a number of different charges. It's somewhat different than someone that may go and, in a lapse of judgment, steal one thing on one occasion. [The appellant] engaged in a scheme over a long period of time, and he took a lot of money.

The Court would note that theft is a very serious offense in this jurisdiction, and a very substantial number of cases are theft or crimes of that nature.

The defendant's crime was the result of an intentional conduct and motivated by desire to profit or gain from the criminal behavior.

Again, the Court notes that this took place, many different criminal acts, over a long period of time.

[The appellant] is a Class - - convicted of a Class C felony, and a Class D. He is a Range I standard offender. He is presumed by that same statute to be a favorable candidate for alternative sentencing.

The Court looks at several factors in regard to that. The Court looks first of all to see whether or not the State has rebutted that presumption. There's some evidence that it has. Under T.C.A. 40-35-103, that [appellant's counsel] referred, the Court finds that some confinement is necessary to provide a deterrence to others likely to commit similar offenses. I made findings with respect to deterrence, and I shall not repeat those.

I also would note that a defendant had the burden of establishing suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing. To meet the burden of establishing suitability to full

-6-

probation, the defendant must demonstrate the probation will serve the ends of justice and the best interest of both the public and defendant. The following criteria, while not controlling, shall be afforded weight when deciding the defendant's suitability for probation.

First, the nature and circumstances of the criminal conduct involved. Again, this involved a lot of money. He was in a position of private trust. People trusted him. They paid him a great deal of money for his services with the company. He stole it over a long period of time by using different schemes. He involved different people. This factor weighs against [the appellant].

The defendant's potential or lack of potential for rehabilitation, including a risk that, during the period of probation, the defendant will commit another crime. I do not think that [the appellant] will commit another crime during a period of incarceration. This kind of cuts both ways, [appellant]. I think there is some potential for you for rehabilitation. But, on the other hand, I am concerned about one observation I made. Sheriff Vastbinder testified that you were less than cooperative in his investigation. He testified that you would make admissions only when you were shown the evidence against you and had no choice about it.

Mr. Gordon Jones testified to basically the same thing, that you had been uncooperative in your - - in the investigation of it. You would admit what you had to admit.

And, finally, I made those own observations myself when you testified today about the involvement of the Beabers involved in this matter. You were extremely reluctant to testify about their involvement. I think it's clear they had some type of involvement in the matter that is criminal in nature, but you were very reluctant to do that, and you equivocated in your testimony. I think you were being less than candid with the Court when you testified about their involvement in the case. All in all, I think this factor weighs against you.

Third, whether a sentence of full probation would unduly depreciate the seriousness of the offense. I'm concerned that if we put you on full probation, the next person that goes out to Wal-Mart and steals something may feel like they very well ought to be able to do that because somebody stole $100,000 and didn't go to jail.

And, finally, whether a sentence other than full probation will provide an effective deterrent to others likely to commit similar crimes. I think there is a need for deterrence in this case. In summary, the Court finds that you have failed to carry your burden of proof that you're entitled to full probation.

The presumptive sentence for the Class C felonies, in 1 and 4, is three years. I am going to increase that sentence to a period of five years by enhancement factors 2 and 16, I think it is.

I would add that even if 16 did not apply, I would still increase it by two years because of the two prior criminal charges that you have. That brings your sentence to five years. I'm going to reduce that to four years because of the one mitigating factor that applies. In summary, your sentence for Count 1 is four years, and for Count 4 is four years.

With respect to Counts 2 and 3, the presumptive sentence for the Class D felony is two years. By the same reasoning that I applied just a moment ago, the sentence in that case will be three years.

The Court must determine your manner of service. I have previously stated that some confinement is necessary, because of the reasons I gave. I would say this. I would be inclined to extend your jail period much longer that what I'm going to, but for the fact that restitution is an issue in this case.

I am going to sentence you to four years for Counts 1 and 4, to be served on Westate Corrections - - that's community corrections - - to serve six months in the county jail.

Counts 2 and 3, the sentence shall be three years on Westate Corrections, to serve six months.

There are some conditions to that - - restitution in the amount of $91,215.75 is ordered as a condition of your probation.

I am going to require that $60,000 of that to be paid prior to your release from jail. I take it that, from the testimony, that can be done fairly quickly.

Also, I am going to, as a condition of your probation, require that you testify truthfully in any criminal investigation or prosecution of the Beabers, should there be any. I do not know whether or not there will be any, but you must testify truthfully in that, and I don't think you've done that today.

There's no jail time, so there's no credit to be given in regard to that.

And one final thing. As a condition of your probation, you shall undergo counseling for your gambling problem that you have.

As stated previously, we review sentencing issues with the presumption that the determinations made by the trial court are correct so long as the trial court followed sentencing procedures. Tenn. Code Ann. § 40-35-401(d). While the appellant does not challenge the length of his sentences, he complains that he was not granted complete probation. Again, the appellant was presumed to be a candidate for an alternative sentence. The appellant argues that the trial court erred in determining that he was less than credible during the investigation of his case and that there was no proof that incarceration was required to serve as a deterrent to others. The testimony of both Mr. Jones and the sheriff support the trial court's finding that the appellant was less than candid during the investigation of the crimes. In fact, all of the evidence aside from the testimony of the appellant himself confirmed the trial court's findings. It is well-settled that a trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. See State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999). Moreover, this Court has determined previously that in cases similar to the one sub judice the grant of full probation is not appropriate in a situation where a defendant abused a position of trust to defraud a business. See State v. Tony Harp, No. W2003-01655-CCA-R3-CD, 2004 WL 2108233, at *5 (Tenn. Crim. App., at Jackson, Sept. 21, 2004), perm. app. denied, (Tenn. Dec. 20, 2004). The appellant admitted that he abused his position in the company to carry out his scheme. The record does not preponderate against the determination of the trial court that the appellant is not deserving of full probation.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE