# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT KNOXVILLE

## Assigned on Briefs February 29, 2012

## STATE OF TENNESSEE v. CHARLES MIDDLEBROOK

**Appeal from the Criminal Court for Knox County**
**No. 92833A, 92999A     Jon Kerry Blackwood, Judge**

---

**No.  E2011-01034-CCA-R3-CD - Filed July 12, 2012**

---

Appellant, Charles Middlebrook, was indicted in two separate cases for one count of theft of property over $1,000, one count of theft of property over $500, and three counts of assault. After negotiation with the State, Appellant pled guilty to one count of theft of property over $1,000 and one count of simple assault.  The remaining counts were dismissed.  Appellant was sentenced to eight years as a Range III, persistent offender for the conviction for theft of property and eleven months and twenty-nine days for the conviction for assault.  After a sentencing hearing, the trial court denied alternative sentencing.  Appellant appeals, arguing that the trial court improperly denied an alternative sentence.  Because the record supports the trial court's finding that Appellant had a lengthy prior record and repeated unwillingness to comply with a sentence involving release in the community, we affirm the trial court's denial of an alternative sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROGER A. PAGE, JJ., joined.

Thomas F. diLustro, Knoxville, Tennessee, for the appellant, Charles Middlebrook.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Jason Hunnicutt, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Appellant was indicted by the Knox County Grand Jury in two separate indictments for one count of theft of property valued at over $1,000, one count of property valued at over $500, and three counts of assault, each alleging a different theory. Appellant pled guilty to one count of theft of property over $1,000 and one count of simple assault.

At the guilty plea hearing, the facts which gave rise to the indictments were relayed to the trial court by the State as follows:

> [Appellant and a codefendant] came into [Zip's] market on March 26, 2009, and they were both captured on surveillance video taking cartons of cigarettes, sticking them down their pants, and then leaving the store. . . . [T]hey did this on two separate occasions that day.
>
> . . . .
>
> [Appellant and the same codefendant] came into Walgreen's on - - here in Knoxville, Knox County, Tennessee on the 19th of March, 2009. they grabbed property from the Walgreen's and tried to leave the facilities without paying for it. The clerk would testify - - Mr. Piselli would testify that he and [Appellant] got in a skirmish during this occurrence, and he would testify that in the skirmish [Appellant] did injure him.

The trial court accepted the plea agreement as proposed and sentenced Appellant to eight years as a Range III, persistent offender for the conviction for theft of property. Appellant was sentenced to eleven months and twenty-nine days for the assault conviction. The trial court ordered the sentences to run concurrently, for a total effective sentence of eight years.

At the sentencing hearing, counsel for Appellant admitted that his client had an "extensive" criminal history but noted that Appellant had, since the guilty plea hearing, undergone the drug treatment program in the jail and had maintained himself without any incident since that point. Counsel for the State pointed out that Appellant had not only a "terrible record" but also a record of disciplinary issues while in the State prison system, as well as an inability to work. The trial court "stopped counting at 12 felonies" and noted that Appellant had a history of parole violations. As a result, the trial court determined that

-2-

Appellant was not entitled to probation and required Appellant to serve the sentence in incarceration.

Appellant filed a timely notice of appeal, challenging the trial court's denial of alternative sentencing.

*Analysis*

Appellant complains that the trial court denied alternative sentencing, when he had an "impressive recovery from drug addiction and [was] living an exemplary life after his release from custody." The State argues that the trial court properly denied alternative sentencing.

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .
>
> A defendant who does not fall within this class of offenders:
>
> [A]nd who is an especially mitigated offender or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary . . . . A court shall consider, but is not bound by, this advisory sentencing guideline.

T.C.A. § 40-35-102(6); *see also State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008). For offenses committed on or after June 7, 2005, a defendant is eligible for probation if the sentence actually imposed is ten years or less. *See* T.C.A. § 40-35-303(a).

All offenders who meet the criteria for alternative sentencing are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is a favorable candidate for alternative

sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

T.C.A. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5); *see also State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

In the case herein, the trial court made the following statements with regard to Appellant's sentence: "based upon [Appellant's] prior record and his unwillingness to comply with the sentence involving release in the community, his record of not only felonies but also misdemeanor and misdemeanor probations, that he is not amenable to rehabilitation." We conclude that the evidence presented supports the decision of the trial court, and the trial court did not abuse its discretion in ordering Appellant to serve the sentence in confinement. The evidence at the sentencing hearing included the presentence report that showed Appellant had a lengthy criminal history spanning over three decades and ten pages in the presentence report and including over forty-five prior convictions including fourteen felonies. Appellant also had at least seven instances of revocation of probation, reportedly poor mental health and plans to apply for disability so he "can sit on the porch all the time . . . [and not] have to do anything but be good." From the record, it appears that the trial court based its decision on all three subsections of Tennessee Code Annotated section

40-35-103(1). We find no evidence to support the reversal of the trial court's denial of an alternative sentence, but ample evidence to support the denial. Therefore, this issue is without merit.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE