FILED

December 28, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:30 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kine Gueye | ) | Docket No. 2016-08-0701 |
| | ) | |
| v. | ) | State File No. 29588-2015 |
| | ) | |
| Federal Express Corporation | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims, | ) | |
| Robert V. Durham, Judge | ) | |

---

### Affirmed and Certified as Final - Filed December 28, 2017

---

The employee alleges she is entitled to additional benefits as a result of a work-related fall that the employer stipulated resulted in a compensable low back strain. In a previous appeal, the employee asserted the trial court erred in denying medical care for a variety of complaints she alleged to be causally related to her fall, and we affirmed the trial court's denial of the requested benefits. Following a trial, the court denied additional medical benefits based upon its determination that the employee did not prove her current complaints arose primarily out of and in the course and scope of her employment. The trial court denied additional temporary disability benefits and permanent disability benefits based upon the employee's failure to offer any proof of additional periods of temporary disability or permanent disability caused by the work injury. The employee has appealed. We affirm the trial court's decision and certify the court's order as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Kine Gueye, Cordova, Tennessee, employee-appellant, pro se

Joseph Fletcher, Memphis, Tennessee, for the employer-appellee, Federal Express Corporation

### Factual and Procedural Background

Kine Gueye ("Employee") was injured while working in the course and scope of her employment with Federal Express Corporation ("Employer") on April 9, 2015, when several boxes came down a conveyer belt at the same time, causing her to fall backwards.

1

She timely reported an injury to her low back, and Employer accepted the claim as compensable. Medical treatment was initiated with Dr. Arsen Manugian, whom Employee selected from a panel of physicians, and temporary disability benefits were paid.

In our prior opinion affirming the trial court's interlocutory order denying requested medical benefits, we addressed Employee's treatment with Dr. Manugian and several other providers as follows:

> Employee's complaints immediately after the incident were of low back pain. Dr. Manugian's records reflect a history of Bell's palsy, complaints of headache, and numbness, tingling, and weakness in Employee's arms and legs. Dr. Manugian diagnosed Employee with a low back sprain, assigned work restrictions, and ordered a course of conservative care.

> Employee testified that after returning to regular duty, she experienced increased pain and other symptoms. She returned to Dr. Manugian on May 11, 2015 with complaints of increasing pain in her lower back that radiated into her right buttock and thigh. Dr. Manugian ordered additional testing, including an MRI and, later, a bone scan, and placed her on work restrictions. At a follow-up visit on May 28, 2015, Employee complained of continuing symptoms, and Dr. Manugian documented having a "[l]ong discussion trying to explain to [Employee] that the area of spondylolysis was probably preexisting and the injury at work was not a significant contributing factor."

> Employee continued to complain of pain and various other symptoms and, on June 18, 2015, Dr. Manugian included the following in his report:

>> At this point in time, I have had great difficulty and spent a significant amount of time trying to explain to Ms. Gueye that her grade 1 spondylolisthesis, which on bone scan is not active, was preexisting . . . to her injury; and she did aggravate her back with strain that at this point in time is better and will continue to do so if she does continue with her exercise program . . . .

>> She is having great difficulty appreciating and understanding the underlying preexisting spondylolisthesis. I have recommended she return back to regular duty, home exercises, and reevaluate one final time in a week and expected to be released at MMI. The symptoms of her leg, which she described and required an emergency room visit

2

are not in direct relation to her back injury; and she is also having difficulties accepting this.

Employee returned to Dr. Manugian on June 25, 2015, complaining of low back pain and pain extending into her mid-thoracic and cervical area. She described having been involved in a rear-end collision because she could not lift her leg and apply force to the brakes of her vehicle. Dr. Manugian noted that he had another "long discussion" with Employee regarding her ongoing complaints and tried to "explain, in great detail, regarding the underlying preexisting spondylolisthesis that is not active on clinical studies at present." He released her to return to work with no restrictions and placed her at maximum medical improvement with no permanent impairment. She informed Dr. Manugian she wanted a second opinion and stated she had already seen another physician.

On August 11, 2015, Employee saw an unauthorized physician, Dr. Manuel Carro, with complaints of burning in both legs. After undergoing nerve studies, Employee returned to Dr. Carro, who noted that the objective testing was unremarkable. Employee also saw Dr. Jason Weaver, a neurosurgeon, on November 4, 2015 for complaints of headaches and numbness and tingling in her arms. He reviewed a head MRI for a possible Chiari 1 malformation and noted she did not appear to have the malformation but did have a history of Bell's palsy. Dr. Weaver did not recommend surgery.

Employee also treated with a neurologist, Dr. Lihong Shen, for a myriad of complaints, including headaches associated with blurred vision, slurred speech, and bilateral arm weakness and numbness. Employee also described back pain that radiated to both thighs and caused her to have leg weakness and numbness. Dr. Shen noted the character of the headaches was consistent with Chiari headaches and that her arm symptoms were consistent with carpal tunnel syndrome. At a December 9, 2015 appointment, Dr. Shen diagnosed Employee with headaches, weakness, "hereditary and idiopathic neuropathy," compression of the brain, and tremor, and observed that Employee's neurologic symptoms dated back to 2008 when medical records indicated she was seen for symptoms consistent with Bell's palsy.

On March 11, 2016, Employee saw Dr. Tulio Bertorini, another neurologist, who evaluated her for her neurological complaints, observing that he was "not certain of organic etiology of this patient's problems." He noted that, "[o]ther than the tremor and unsteadiness, [he was] not impressed with her neurological examination." Additional evaluations and

3

tests revealed no objective cause of Employee's multiple and evolving complaints. On September 1, 2016, Dr. Bertorini provided correspondence stating that there was "[n]o clear anatomical cause" for her complaints of generalized muscle weakness and dizziness.

*Gueye v. Federal Express Corp.*, No. 2016-08-0701, 2017 TN Wrk. Comp. App. Bd. LEXIS 20, at *2-6 (Tenn. Workers' Comp. App. Bd. Mar. 10, 2017).

A trial was conducted on August 31, 2017. As in the expedited hearing, the appeal of the trial court's expedited hearing order, and this appeal, Employee was not represented by counsel at trial. She was the only witness to testify at trial, and the record on appeal includes a transcript of that testimony. However, the record on appeal does not include a transcript of Employee's testimony at the expedited hearing, which is problematic given that the trial judge took judicial notice of that testimony and considered it. The exhibits considered by the trial judge were the same exhibits admitted into evidence at the expedited hearing and included voluminous medical records but no deposition transcripts, medical or otherwise.

Noting that numerous physicians evaluated Employee and that the only physician to address causation had no explanation for Employee's complaints, the trial court found that Employee failed to establish that her ongoing complaints arose primarily out of and in the course and scope of her employment. In addition, since Employee offered no medical proof that she was entitled to additional temporary disability benefits or to permanent disability benefits, the court likewise denied Employee's request for those benefits. However, because the parties stipulated that Employee suffered a compensable low back strain, the court awarded future medical treatment reasonably necessary as a result of the injury. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concern issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-

4

0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

## Analysis

### *Failure to Identify How the Trial Court Is Alleged to Have Erred*

In her notice of appeal, Employee failed to identify any issues for our review. In her brief, Employee included what she identified as "legal issues I am presented [sic]" to the Appeals Board, but none of the nineteen matters that were listed constitute issues for appellate review. Rather, Employee identified medical or other records or statements from such records, several of which were not admitted into evidence. Employee failed to identify any legal errors that the trial court is alleged to have committed, failed to address the trial court's decision in any meaningful manner, and failed to cite to any part of the record as evidencing or supporting any alleged error by the trial court. In addition, Employee's brief addressed a medical evaluation that occurred subsequent to the August 31, 2017 trial, which we have not considered. *See Hadzic*, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel. The law prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel," as doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). At the same time, however, courts must

> be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

5

In short, it is unclear how Employee contends the trial court erred in deciding her case, and we decline to speculate.

*Judicial Notice*

At the outset of the trial, the court announced that "[a]s part of the compensation hearing, [the court] will consider all the exhibits – all the documents that were made exhibits at the expedited hearing in January as well as the testimony provided at that hearing." In its order denying benefits, the court stated that it "takes judicial notice of testimony heard and exhibits admitted into evidence at the prior in-person Expedited Hearing."

Judicial notice is defined as "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact." Black's Law Dictionary (10th ed. 2014). "Resort to judicial notice is, however, subject to limitations, as indicated by Rule 201 of the Tennessee Rules of Evidence . . . ." *State v. Lawson*, 291 S.W.3d 864, 868 (Tenn. 2009). Rule 201(b) of the Tennessee Rules of Evidence provides, in pertinent part, the following:

> Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute, in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

As the advisory comment to Tennessee Rule of Evidence 201 notes, taking judicial notice of a fact "does not involve admission and exclusion of evidence; rather, no evidence is necessary. Part (b) limits judicial notice to a relatively small class of adjudicative facts."

"Testimony" is defined as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition." Black's Law Dictionary (10th ed. 2014). Testimony may or may not include adjudicative facts suitable for a court to take judicial notice. Likewise, exhibits admitted into evidence at a prior hearing may or may not include adjudicative facts that are suitable in a subsequent hearing for a court to take judicial notice as contemplated in Rule 201. Additionally, a party's failure to timely request a Rule 201(e) hearing as to the propriety of a court taking judicial notice and the tenor of the matter noticed may result in the noticed fact being "taken as given for purposes of both the trial and appellate proceedings." *See State v. Nunley*, 22 S.W.3d 282, 287 (Tenn. Crim. App. 1999). As one court has observed, "[b]ecause the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Wright v. Brooke Group Ltd.*, 114 F. Supp. 2d 797, 816 (N.D. Iowa 2000). Accordingly, we caution trial

6

courts against taking judicial notice of prior testimony or exhibits previously submitted as part of an interlocutory proceeding as a matter of course and without limitation as to content, and without identifying the particular facts for which the court has determined that no evidence is necessary.[1]

## Conclusion

The trial court's decision is affirmed and its order is certified as final.

---

[1] Declaring material from prior hearings to be admitted into evidence through the vehicle of judicial notice and without reference to Rule 201 appears to be commonplace in the Court of Workers' Compensation Claims. *See, e.g.*, *Roper v. Allegis Grp.*, No. 2016-01-0546, 2017 TN Wrk. Comp. LEXIS 162 (Tenn. Ct. Workers' Comp. Claims Sept. 26, 2017); *Magadan v. JS Gardening, LLC*, No. 2016-06-2107, 2017 TN Wrk. Comp. LEXIS 155 (Tenn. Ct. Workers' Comp. Claims Aug. 21, 2017); *Wilson v. Dana Holding Corp.*, No. 2015-07-0143, 2017 TN Wrk. Comp. LEXIS 132 (Tenn. Ct. Workers' Comp. Claims July 27, 2017); *Jones v. Black's Mobile Detailing Serv.*, No. 2016-03-0566, 2017 TN Wrk. Comp. LEXIS 117 (Tenn. Ct. Workers' Comp. Claims June 30, 2017); *Coffey v. Nissan N. Am., Inc.*, Nos. 2016-05-0132, -0118, 2017 TN Wrk. Comp. LEXIS 116 (Tenn. Ct. Workers' Comp. Claims June 29, 2017); *Bufford v. Nw. Tenn. Human Res. Agency*, No. 2016-07-0110, 2017 TN Wrk. Comp. LEXIS 86 (Tenn. Ct. Workers' Comp. Claims May 24, 2017); *Glass v. Ford Constr. Co.*, No. 2015-08-0638, 2017 TN Wrk. Comp. LEXIS 84 (Tenn. Ct. Workers' Comp. Claims May 19, 2017); *Riley v. Grp. Elec.*, No. 2015-06-0886, 2017 TN Wrk. Comp. LEXIS 70 (Tenn. Workers' Comp. Claims Apr. 26, 2017); *Davis v. Life Line Screening of Am., Ltd.*, No. 2016-01-0531, 2017 TN Wrk. Comp. LEXIS 75 (Tenn. Ct. Workers' Comp. Claims Apr. 25, 2017); *Lawrence v. Stop N' Shop*, No. 2015-07-0147, 2017 TN Wrk. Comp. LEXIS 62 (Tenn. Ct. Workers' Comp. Claims Apr. 5, 2017); *Walton v. Averitt Express*, No. 2015-08-0306, 2017 TN Wrk. Comp. LEXIS 13 (Tenn. Ct. Workers' Comp. Claims Mar. 6, 2017); *Johnson v. Pilgrim's Pride, Inc.*, No. 2015-01-0273, 2016 TN Wrk. Comp. LEXIS 170 (Tenn. Ct. Workers' Comp. Claims Nov. 4, 2016).

**FILED**

**December 28, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:30 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kine Gueye | ) | Docket No. 2016-08-0701 |
| | ) | |
| v. | ) | State File No. 29588-2015 |
| | ) | |
| Federal Express Corporation | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 28th day of December, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Kine Gueye | | | | | X | kinegueye7@gmail.com |
| Joseph M. Fletcher | | | | | X | jfletcher@lewisthomason.com |
| Robert V. Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov