IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2020

## STATE OF TENNESSEE v. MARK ALAN KIRBY

**Appeal from the Criminal Court for Putnam County**
**No. 19-CR-950      Wesley Thomas Bray, Judge**

———————————————————

### No. M2019-02255-CCA-R3-CD

———————————————————

Pursuant to a negotiated plea agreement, Defendant, Mark Alan Kirby, pleaded guilty to aggravated assault, a Class C felony. The agreement provided that Defendant's sentence was three years as a Range I standard offender. The manner of service of the sentence was reserved for determination by the trial court following a sentencing hearing. The trial court ordered the entire sentence to be served in confinement. Defendant has appealed, asserting the trial court should have granted full probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Craig P. Fickling, District Public Defender; and Allison Rasbury West, Assistant Public Defender, Cookeville, Tennessee, for the appellant, Mark Alan Kirby.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Jessie Mayberry and Allison Null, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

Defendant waived his right to be charged by indictment or presentment returned by the grand jury and agreed to be charged by information. It alleged that he unlawfully and knowingly caused bodily injury to his live-in girlfriend (the victim) by use of a deadly weapon, being a knife.

As pertinent to this appeal, the record contains the transcripts of the guilty plea hearing and the sentencing hearing, the pre-sentence report completed by the Department of Correction which was made an exhibit at the sentencing hearing, the information and the judgment. The only testimony at the sentencing hearing was from Dannon Stickler, who prepared the pre-sentence report. Defendant gave an allocution. Our review of the entire record, in light of Defendant's guilty plea, shows that on September 12, 2019, Defendant and the victim had been using crystal methamphetamine and became engaged in a dispute. The victim sat down in a chair, and Defendant stabbed the victim in the palm of her left hand. When Defendant saw the blood, he began to attempt to stop the bleeding. Defendant recruited a neighbor to take them to the hospital in Cookeville. Defendant walked away from the hospital and was stopped by Cookeville police officers. Defendant denied stabbing the victim and told the officers that the victim had stabbed herself.

At the time of the offense, Defendant had four prior misdemeanor convictions: attempted statutory rape and contributing to the delinquency of a minor, with both convictions in May 2003, when Defendant was 20 years old; casual exchange of a controlled substance with an offense date of October 3, 2016, and a conviction date of April 3, 2017, when Defendant was 34 years old; and a separate conviction of casual exchange of a controlled substance on July 25, 2018, with an offense date of June 5, 2018, when Defendant was 35 years old.

Defendant successfully completed his probation for suspended sentences for the first two convictions in 2003. However, regarding the suspended sentence for the casual exchange conviction in April 2017, Defendant was found to have violated probation twice. The first time was for having a positive drug screen for marijuana on February 15, 2018. For this violation of probation, Defendant was ordered at a hearing in April 2018, to serve sixty days on house arrest, complete an alcohol and drug assessment, and the probation was extended for six months.

The second probation violation occurred the month following the probation violation hearing. Defendant refused to submit to a drug screen on May 29, 2018. On July 23, 2018, Defendant was found to again be in violation of probation and was ordered to serve his sentence by incarceration. These proceedings were in the trial court. Defendant's second casual exchange offense was committed on June 5, 2018, one week after he violated probation for the second time. He was convicted for this offense in General Sessions Court on July 25, 2018, with the sentence of 11 months and 29 days ordered to be served concurrently with his sentence for the other casual exchange conviction in the trial court.

Regarding Defendant's education, he had only three classes to successfully complete in order to obtain his bachelor's degree. At the time of the sentencing hearing, Defendant's physical and mental health was reportedly excellent. Defendant's work

history after graduating from high school in 2002 included at least eight jobs, some which lasted for short periods of time.

In his allocution, Defendant's statements included:

- "This whole situation that we have found ourselves in is due to a drug induced accident."

- "From my record you can see that I'm a first time offender with no priors for this charge and I sincerely hope that you take into consideration that [the victim's] and my recommendations of A[lcohol] and D[rug] treatment, anger management, three years probation with three months served is punishment enough for this accidental charge."

- "[The victim] is in complete support of me and forgives me for the incident, because it was accidental. There was never any forethought or intent, except for the fact that I found us a ride and urged [the victim] to go to the hospital."

We note that the charged offense for which Defendant pleaded guilty is defined as follows: "A person commits aggravated assault who: *Intentionally* or *knowingly* commits an assault as defined in [Tennessee Code Annotated] § 39-13-101, and the assault: Involved the use or display of a deadly weapon." Tenn. Code Ann. § 39-13-102(a)(1)(A)(iii) (emphasis added). The Class C felony Defendant pleaded guilty to does not encompass accidental conduct.

In its ruling at the conclusion of the sentencing hearing, the trial court stated that it was giving consideration to the pre-sentence report, the principles of sentencing and the arguments made for alternative sentencing, the nature of Defendant's criminal conduct, Defendant's allocution, and Defendant's potential for rehabilitation and treatment. The trial court specifically stated, "I don't know that [Defendant] has a long history of criminal conduct." However, the trial court noted that Defendant stated in his allocution that he had no prior charges, apparently referring to Defendant's statement that "[f]rom my record you can see that I'm a first time offender with no priors for this charge."

The trial court focused upon the need for confinement to avoid depreciating the seriousness of the offense and the need to provide an effective deterrence to others likely to commit similar offenses. *See* Tenn. Code Ann. § 40-35-103(1)(B). The trial court noted that several aggravated assaults and domestic assaults occurred in Putnam County and the entire judicial district. However, no evidence for the need for deterrence was presented by the State at the sentencing hearing. *See State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994); *see also State v. Davis*, 940 S.W.2d 558, 560 (Tenn. 1997)

("[A] finding of deterrence cannot be conclusory only but must be supported by proof."); *State v. Nunley*, 22 S.W.3d 282, 286 (Tenn. Crim. App. 1999) (in order to use deterrence as a justification for confinement, evidence must be presented indicating some special need for deterrence.); *State v. Cheryl Bass*, No. M2006-02563-CCA-R3-CD, 2008 WL 544586, at *22 (Tenn. Crim. App. Feb. 28, 2008)(it was error for the trial court to deny alternative sentencing based on the need for deterrence where the trial court's statements on the need for deterrence were merely conclusory); and *State v. Shannon Ann Maness and Daryl Wayne Maness*, No. W2012-02655-CCA-R3-CD, 2014 WL 350429, at *6 (Tenn. Crim. App. 2014)(reversing the trial court's denial of alternative sentencing based on deterrence because a need for deterrence was not supported by the record).

The trial court noted that, "I don't necessarily feel like [Defendant's] taken responsibility for what he's done." The trial court stated that the public should not be told that it was okay to use methamphetamine and stab a boyfriend, girlfriend, or spouse. The trial court concluded that the following facts were favorable to Defendant: Defendant arranged for the victim to be taken to the hospital; Defendant pled guilty; Defendant is attempting to better himself by obtaining a college degree; and Defendant and the victim have a child. Immediately after reciting facts favorable to Defendant, the trial court stated, "But here [Defendant has] stabbed [the victim] in the hand."

The trial court concluded its sentencing decision as follows:

> We have had people that have been killed in domestic situations in this district. Stabbed, by their significant other. Men stabbing women, women stabbing men. I just don't think that someone that stabs their significant other while they're using drugs, or that she had used drugs, I don't know that it matters, that she and Mr. Kirby had used ice, crystal form methamphetamine. And the fact of the matter, when you boil it down to its base parts, it's he's still stabbed her.

> So that being said, I think to depreciate the seriousness [sic] of the offense, that he needs to have three years to serve as a range one offender at thirty percent.

**Analysis**

On appeal, Defendant argues that the trial court erred by ordering him to serve the sentence by incarceration rather than by full probation. The State disagrees and argues that the judgment should be affirmed. We agree with the State.

Our standard of review of the trial court's sentencing determinations is whether the trial court abused its discretion. As for the denial of an alternate sentence of full probation, "the abuse of discretion standard, accompanied by a presumption of

reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). The abuse of discretion standard for review of sentencing decisions was established in *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). A defendant "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" T.C.A. § 40-35-102(6).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). "[T]he burden of establishing suitability for probation rests with the defendant." T.C.A. § 40-35-303(b). "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). A trial judge must consider the following factors before imposing a sentence of incarceration:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1). Additionally, the sentence imposed should be the least severe measure necessary to achieve its purpose, and the defendant's potential for rehabilitation, or lack thereof, should be considered when determining whether to grant alternative sentencing. T.C.A. § 40-35-103(4) and (5). Trial judges are encouraged to use alternative sentencing when appropriate. T.C.A. § 40-35-103(6).

We are compelled to conclude, based solely upon the trial court's statements on the record, that full probation was denied based upon the need to avoid depreciating the seriousness of the offense. Furthermore, it appears to this court that the trial court effectively denied probation solely because Defendant stabbed the victim. As noted above, Defendant pled guilty to aggravated assault by causing bodily injury (not serious bodily injury) to the victim by use of a deadly weapon, being a knife. The General Assembly has established that Defendant is eligible to being considered for probation for

his conviction. It is error for the trial court to deny probation solely because of the commission of the offense if the General Assembly has established that a conviction of the offense allows an offender, such as Defendant, to be eligible for probation. *See State v. Trent*, 533 S.W.3d 282, 292 (Tenn. 2017) ("If trial courts were permitted to deny probation solely on the basis of the elements of probation-eligible offenses, then the statute providing for probation-eligibility for those offenses would be rendered a nullity.")

Nevertheless, *Bise*, as applied under *Caudle*, allows this court to affirm the judgment in this case. Even in the face of error by the trial court in its reasoning for establishing a sentence, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10.

As set forth above, one of the principles of sentencing which justified a sentence of confinement is that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C). The offense of aggravated assault occurred September 12, 2019. While on probation for a misdemeanor conviction for casual exchange of a controlled substance, Defendant violated probation by a positive drug screen on February 15, 2018. At the hearing in April 2018, his probation was not fully revoked, but he was ordered to serve 60 days on house arrest and his probation was extended for six months. The following month, he again violated probation by refusing to submit to a drug screen on May 29, 2018. Probation was fully revoked at a hearing on July 23, 2018. The offense which resulted in his second conviction for casual exchange of a controlled substance occurred June 5, 2018, one week after he violated probation for a second time.

Clearly, the sentence of incarceration for the entire sentence and the denial of probation is compliant with the purposes and principles of sentencing. Defendant violated probation twice in 2018, within a span of four months, and also committed a new offense which resulted in a conviction. Defendant's lack of potential for rehabilitation supports denial of full probation. Accordingly, Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE